(79 Misc. Rep. 355.)

## STERRY v. STERRY.

(Supreme Court, Special Term, New York County. February 11, 1913.)

DIVORCE (§ 62*)—JURISDICTION—ACTION BY NONRESIDENT.

The court of another state cannot dissolve the marriage of a citizen of New York, domiciled and residing here throughout the pendency of the divorce action, without a voluntary appearance therein, and without personal process served on him in such state.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 200–202, 208–216, 220, 282; Dec. Dig. § 62.*]

Action by Elizabeth S. Sterry against James W. Sterry. Decree as stated.

See, also, 149 App. Div. 942, 133 N. Y. Supp. 1145.

May & Jacobson, of New York City, for plaintiff.

Man & Man, of New York City (Hyacinthe Ringrose, of counsel), for defendant.

NEWBURGER, J. Plaintiff seeks a separation from defendant upon the grounds of cruelty and nonsupport. Plaintiff on the 25th day of December, 1894, was married to one Rennie in the city of New York. Subsequently they separated in the state of New York. In December, 1901, Rennie instituted a suit for an absolute divorce against his wife (the plaintiff herein) in the city court of Elgin, Ill., alleging that his wife was not a resident of Illinois, but resided on 109th street, in Harlem, New York county, in the state of New York. The court, upon petition that the wife was not a resident of the state of Illinois, directed service of the summons by publication. The record shows that the wife did not appear or answer. The plaintiff herein testified in this action that she never was served in the Illinois action, and had no knowledge for several years thereafter that a decree of divorce had been granted to her husband, Albert S. Rennie.

In People v. Baker, 76 N. Y. 82, 32 Am. Rep. 274, which is the leading case in this state, the court held:

"That the court in another state cannot adjudge to be dissolved and at an end the matrimonial relation of a citizen of this state, domiciled and actually abiding here throughout the pendency of the judicial proceeding there, without a voluntary appearance therein, and with no actual notice to him thereof, and without personal service of process on him in that state."

In the Matter of Kimball, 155 N. Y. 62, 49 N. E. 331, it was held that:

"A personal judgment of a court of a sister state, entered against a resident of this state, when there has been no personal service of process upon him in the jurisdiction of that state, or appearance by him in the action, by which jurisdiction of his person could be acquired, is void and of no force or effect in this state; and service of the summons in this state upon a resident thereof, unless he answers, demurs, or appears, does not give the court of a sister state jurisdiction; and a decree against a defendant under such circumstances will not uphold in the court of this state a marriage subsequently contracted between the plaintiff in the divorce suit and a third party."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The contention of the plaintiff that the statute of the state of Illinois providing that a divorce by default could only be set aside within three years is untenable. If the judgment was void by reason of want of jurisdiction, this statute referred to would not give it greater effect. I am therefore of the opinion that the decree of divorce against the plaintiff herein by her former husband, Albert S. Rennie, was void, and that there was no legal marriage between the parties to this action.

Findings passed upon. Submit decree.